DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Care Ambulance-Paramedics, Inc. ("Appellant"), appeals a grant of summary judgment by the Summit County Court of Common Pleas to Appellee, City of Stow ("Stow"). We affirm.
 I. {¶ 2} Appellant operates a private ambulance service in Stow and had done so prior to January 1, 1991. In 1990, Stow determined to provide emergency medical services (EMS) to its citizens. The EMS plan was implemented on January 1, 1991. Under Stow's transport policy, patients calling for 911 assistance are rated as a Code 1, a Code 2, or a Code 3. Code 1 patients can be "safely transported in a private vehicle." Stow Codified Ordinance 703.01(c). Code 2 patients require transport with at least an EMT-A in attendance, but do not have a life-threatening condition or the possibility of the loss of a limb. Stow Codified Ordinance 703.01(d). Code 3 patients require immediate transport, and have a life-threatening emergency or require the level of skills practiced by paramedics. Stow Codified Ordinance 703.01(e). The decisions as to how to code a patient fall upon the Stow paramedics at the scene in consultation with "medical control." "Medical control" is defined as "a designated medical facility staffed by the appropriate emergency medical service personnel which provides prompt physician supervision through radio or telephonic communication to the paramedic in the field and which directs the transportation of the patient to the appropriate facility for definitive care." Stow Codified Ordinance703.01(m). Akron City Hospital functions as the medical control for Stow. When Stow EMS receives a call for emergency assistance, Stow EMS contacts a private ambulance carrier to report to the scene also. Private ambulance carriers receiving a call for emergency assistance likewise are to alert Stow EMS to the call. Once at the scene for Code 3 patients, the private ambulance may or may not be required to transport based upon the decision of the paramedic and medical control.
 {¶ 3} The Stow city code contains a licensing provision for ambulance services which requires an ambulance carrier to assume "the duty of dispatching any available emergency medical service vehicle driver and technician to each emergency call, and that all drivers or EMTs sent out on an emergency call shall undertake to render first aid or treatment to the patient when necessary." Stow Codified Ordinance703.05(b).
 {¶ 4} On February 9, 1999, Appellant filed a complaint in mandamus in the Summit County Court of Common Pleas requesting an order compelling Stow to initiate eminent domain proceedings to determine compensation for Stow's unlawful regulatory taking of Appellant's property.[1] Appellant alleged that Stow's regulations required Appellant to respond to emergency calls for which it was not compensated because Stow's transport policy allowed a paramedic or medical control to deny Appellant the transfer. Stow filed for summary judgment, which was granted on January 7, 2003. Appellant timely appealed raising two assignments of error.
 II. Assignment of Error No. 1
"The trial court erred in entering summary judgment because material issues of fact remain in dispute."
 {¶ 5} In the first assignment of error, Appellant proffers case law from the U.S. Supreme Court and from a United States district court located in the Fourth Circuit. Appellant states that the Supreme Court case cautions "against premature decisions of taking[s] claims pursuant to the Fifth Amendment to the Constitution." The district court case held that summary judgment is improper where there are material issues of fact remaining to be determined. Appellant argues that a grant of summary judgment is, therefore, improper in this case.
 {¶ 6} Appellant neither explains how the proffered case law is determinative of this appeal, or why summary judgment is improper in this case. If an argument exists that can support this assignment of error, it is not this court's duty to root it out. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18. We disregard this inadequately argued assignment of error. See App.R. 12(A)(2) and 16(A)(7).
 Assignment of Error No. 2
"The trial court erred in determining that there was no taking of private property."
 {¶ 7} Appellant argues that Stow effectively engaged in a taking when it required Appellant to provide services on behalf of the city without compensation as a requirement for obtaining a license to conduct an ambulance service. Appellant claims that summary judgment was improper because a material issue of fact exists as to whether the taking went too far. Further, Appellant argues that the trial court erred when it found that "this regulatory taking did not go too far[.]"
 {¶ 8} In its judgment entry, the trial court order states:
"Construing the evidence most strongly against [Stow], the Court makes the following findings and conclusion:
"[Appellant] voluntarily applied for a license to provide its services in the City of Stow and, therefore, agreed to abide by [Stow's] regulatory scheme. [Appellant] voluntarily accepted the terms which are now the subject of [Appellant's] takings claim; requiring [Appellant] to respond to every emergency call regardless of whether it may or may not have the opportunity to provide transport services. In negotiating the license, [Stow] specifically offered a term that [Appellant] would not be called to the scene in cases of emergency where it was likely that [Appellant] would not be to provide ambulance transport (sic). [Appellant] specifically rejected [Stow's] offer.
"Therefore, the Court finds, as a matter of law, that [Appellant], through its license with the City of Stow, does not have a constitutionally recognized and protected property interest." (Internal citations omitted.)
 {¶ 9} A challenged government action may cause economic harm, but it is not a taking if it does not interfere with interests that were sufficiently bound up with the reasonable expectations of the claimant to constitute "property" for Fifth Amendment purposes. Penn. Cent. Transp.Co. v. New York City (1978), 438 U.S. 104, 124-125. See, also, e.g.,United States v. Willow River Power Co. (1945), 324 U.S. 499 (interest in high-water level of river for runoff for tailwaters to maintain power head is not property); United States v. Chandler-Dunbar Water Power Co.
(1913), 229 U.S. 53 (no property interest can exist in navigable waters.)
 {¶ 10} Appellant's arguments in this assignment of error are predicated upon a finding that the taking went too far; in fact, the trial court did not make that finding. The trial court made a threshold ruling that there was no property interest; therefore, by operation of law, there was no taking. Appellant's second assignment of error is overruled.
 III. {¶ 11} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
WHITMORE, J. and BATCHELDER, J. concur.
[1] Originally Appellant filed a claim in federal court; the claim was dismissed for various reasons which are not relevant to the disposition of this appeal. When this mandamus action was filed in the Summit County Court of Common Pleas, Stow requested removal back to the federal court, which was denied. The case was returned to the Summit County Court of Common Pleas and disposed of there.